**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

THERESA ARTS and WILLIAM ARTS

      Plaintiffs,

v.

CARLSON, INC. d/b/a COUNTRY INN
AND SUITES BY CARLSON; COUNTRY
INN AND SUITES BY CARLSON, INC. and
JOHN DOES, 1-5,

      Defendants.

Civ. No. 10-3053 (DRD)

**OPINION**

---

*Appearances by:*

LEVINSON AXELROD, P.A.
By: Adam L. Rothenberg, Esq.
Levinson Plaza
2 Lincoln Highway, P.O. Box 2905
Edison, New Jersey 08818

  *Attorney for Plaintiffs*

CLYDE & CO US LLP
By: Jeffrey L. O'Hara, Esq. and
Matthew S. Schultz, Esq.
200 Campus Drive, Suite 300
Florham Park, New Jersey 07932

  *Attorneys for Defendant*

**DEBEVOISE, Senior District Judge**

This action stems from an accident in which Plaintiff Theresa Arts was injured while traveling in a vehicle owned by Defendant Country Inn & Suites Newark Airport LLC (improperly pled as Carlson, Inc. d/b/a Country Inn and Suites by Carlson and Country Inn and Suites by Carlson, Inc.) ("CIS").  Ms. Arts and her husband, William Arts, filed a Complaint in New Jersey Superior Court, Union County, alleging, among other things, that Ms. Arts was injured when the driver of the vehicle in question negligently made a sharp turn causing her seat to flip over.  At the time they filed the Complaint Plaintiffs did not know the identity of the driver.  Thus, the Complaint names as Defendants John Does 1-5 and describes said Defendants as the driver(s) of the vehicle in question.

CIS filed a Notice of Removal to this Court asserting federal subject matter jurisdiction, pursuant to 28 U.S.C. §1332, based on the parties' diversity of citizenship.  Plaintiffs are Georgia citizens.  CIS is a Limited Liability Company and its individual members are Montana citizens.  Following removal, CIS identified Ron Chirachella, a CIS employee, as the driver of the vehicle.  Ron Chirachella is a New Jersey citizen.  Presently before the court is Plaintiffs' motion for leave to amend their Complaint to name Ron Chirachella as a Defendant and to remand this matter to the Superior Court of New Jersey, Union County.

## I.  DISCUSSION

Rule 20(a) of the Federal Rules of Civil Procedure allows a plaintiff to join a person as a defendant if "any right to relief is asserted against [the new and existing defendants] jointly, severally, or in the alternative, with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and any question of law or fact common to all defendants will arise in the action".  Here, the defendant to be joined, Ron Chirachella, drove the

vehicle owned by the existing defendant, CIS, when Theresa Arts was injured. There is no question that Rule 20(a) allows Plaintiffs to join Chirachella.

CIS mistakenly argues that Plaintiffs are attempting to join Chirachella solely to defeat diversity jurisdiction. In fact, it is clear from their Complaint that Plaintiffs always intended to join the driver of the vehicle but were unable to do so prior to removal because CIS had not yet revealed his identity. Moreover, joining Chirachella does not defeat diversity. Plaintiffs are Georgia citizens, the members of CIS are Montana citizens, and Chirachella is a New Jersey citizen. Thus, diversity persists even if Chirachella is joined.

However, since Chirachella is a citizen of the forum state, this Court has discretion to retain jurisdiction or remand to state court. Devore v. Transport Technology Corp., 914 F. Supp. 355, 359 (W.D. Mo. 1996). Given the circumstances, this matter should be remanded to state court for the following reasons. First, the Plaintiffs' initial choice of forum should be protected unless other interests predominate. Second, Plaintiffs will not benefit from, and Defendants will not be disadvantaged by, any home court advantage because Plaintiffs are not citizens of the forum state. Third, the state court has greater familiarity and interest in the matters of state law being considered in this case. Id. at 357 (citing Trask v. Kasenetz, 818 F. Supp. 39 (E.D.N.Y. 1993), rev'd on other grounds). Finally, as explained above, Plaintiffs' attempt to join a forum defendant is not a pretext for securing remand. Id. at 358. It is clear that they always intended to join him and were not able to do so prior to removal. Therefore, Plaintiffs' motion for leave to amend their Complaint to name Ron Chirachella as a Defendant and remand this matter to the Superior Court of New Jersey, Union County will be granted.

## II.  CONCLUSION

For the reasons set forth above, Plaintiffs' motion will be granted.  Plaintiffs may submit an amended complaint naming Ron Chirachella as a Defendant within thirty days of this ruling, at which point, this matter will be remanded to the Superior Court of New Jersey, Union County.

The Court will enter an Order implementing this Opinion.

s/ Dickinson R. Debevoise<br>
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated:  October 22, 2010